IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MULLIN, GREG SMITH, and KEVIN M. SCHMITT, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 249 and INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AFL-CIO, | )   2:03cv1445<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court for disposition are PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' AFFIRMATIVE DEFENSE OF STATUTE OF LIMITATIONS (Plaintiff's Brief") (*Document No. 40*), BRIEF ON BEHALF OF DEFENDANT, LOCAL 249, ON THE ISSUE OF STATUTE OF LIMITATIONS ("Defendant's Brief") (*Document No. 41*), PLAINTIFFS' BRIEF IN REPLY TO DEFENDANT LOCAL 249 ON THE ISSUE OF STATUTE OF LIMITATIONS ("Plaintiff's Reply") (*Document No. 43*), and DEFENDANT'S REPLY BRIEF ON ISSUE OF STATUTE OF LIMITATIONS ("Defendant's Reply") (*Document No. 44*).

Background

Plaintiffs James Mullin, Greg Smith and Kevin M. Schmitt (collectively "Plaintiffs") are former Trustees of the International Brotherhood of Teamsters, Local 249 ("Local 249"). At the core of this action is Plaintiffs' contention that during their tenure as Trustees they were not appropriately recompensed in accordance with the by-laws of Local 249. *See* Complaint at ¶¶ 5-8. Local 249 contends that the membership amended its by-laws in 1991, and that Plaintiffs were properly compensated in accordance with the 1991 amendment. As the Court has already observed, "[t]he dispute boils down to whether Local 249 validly amended its bylaws in January of 1991." Memorandum Opinion and Order at 7 (*Document No. 35*).

Plaintiffs filed three identical two-count Complaints in the Court of Common Pleas of

Allegheny County, Pennsylvania. The actions were removed to this court based on federal question jurisdiction under Section 301 of the Labor Management Relations Act of 1947. The actions were subsequently consolidated and assigned to this member of the Court. In their Complaints Plaintiffs allege entitlement to a differential in pay pursuant to the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 *et seq*. (Count I) and breach of contract (Count II). Local 249 and the International Brotherhood of Teamsters, AFL-CIO (the "International Union") filed motions for summary judgment. The Court's Memorandum Opinion and Order filed on June 30, 2005, granted the International Union's motion for summary judgment, and granted in part and denied in part Local 249's motion for summary judgment. As to Local 249, the Court found, *inter alia*, that "Plaintiffs' WPCL claim is preempted by the Labor Management Relations Act," that "any failure to exhaust internal union remedies ... will be excused," that "the most closely analogous state limitations period is the four year statute of limitations for breach of contract found in 42 Pa.C.S.A. § 5525," and that "this action has been timely filed." *Id*. at 6, 9-10. The Court also observed that "it is clear ... that Plaintiffs' Complaints were filed within either four years of the time when Plaintiffs discovered that they may not have been compensated in accordance with Local 249's by-laws, or within four years of the time when 'the futility of further appeals' or other internal union procedures 'should have become apparent.'" *Id*. at 10 (*citing Lewis v. International Broth. of Teamsters*, 826 F.2d 1310, 1318 (3d Cir. 1987)

At a pretrial conference held on August 26, 2005, the Court raised the issue of how far back in time Plaintiffs could recover for allegedly unpaid compensation. Plaintiffs contended that they were entitled to recover unpaid wages from the beginning of their respective periods of service as Trustees until they were voted out of office effective January 1, 2003.[1] Local 249 did not agree, and the Court ordered the parties to brief the issue.

---

[1]. Plaintiff Mullin was a Trustee from January 1, 1991 until December 31, 2002. Plaintiff Smith was a trustee from July 1, 1998 until December 31, 2002. Plaintiff Schmitt was a Trustee from February 1, 2000 until December 31, 2002. *See* Pltf's Reply at 3.

2

Discussion

Based upon the operation of the four (4) year statute of limitations applicable to this case, the Court finds and rules that Plaintiffs may not recover unpaid compensation which became due and payable more than four (4) years prior to the filing of their Complaints. "It is fundamental that a plaintiff must bring a claim before the applicable statute of limitations expires," and "[d]etermining whether the statute of limitations has expired necessarily involves determining when it began to run." *Barnes v. American Tobacco Co.*, 161 F.3d 127, 149 (3d Cir. 1998). Additionally, "the statute of limitations starts running when the cause of action accrues." *Id*.

The Court finds and rules that the statute of limitations began to run when each monthly compensation payment became due and payable.[2] Plaintiffs' Complaints were filed in the Court of Common Pleas of Allegheny County on September 10, 2003. Therefore, any claims for compensation which became due and payable to Plaintiffs as Trustees prior to September 10, 1999 are barred by the operation of the Pennsylvania four-year statute of limitations for breach of contract. This outcome is consistent with the operation of an analogous cause of action for unpaid wages pursuant to the WPCL. Despite the fact that Plaintiffs' WPCL claims are preempted by the Labor Management Relations Act, the WPCL does provide some guidance as to the proper application of a statute of limitations in a claim for unpaid wages.[3] The WPCL provides, in relevant part, that "[n]o administrative proceedings or legal action shall be instituted

---

[2] Plaintiffs were paid for the performance of their duties as Trustees on a monthly basis. *See* Affidavit of James Mullin.

[3] There is a colorable argument that the three-year statute of limitations found in the WPCL, *see* 43 P.S. § 260.9a(g), rather than the four (4) year statute of limitations for breach of contract actions, *see* 42 Pa.C.S.A. § 5525, is "the most closely analogous state limitations period," *see Brenner v. Local 514, United Broth. of Carpenters*, 927 F.2d 1283, 1294 (3d Cir. 1991), and therefore should be applied to this case. However, the issue of whether the WPCL's statute of limitations should apply to this case has never been raised. The parties have always contended that either Pennsylvania's four (4) year statute of limitations for breach of contract, or the six (6) month limitations period under section 10(b) of the Labor Management Relations Act, applies to Plaintiffs' claim for breach of contract.

3

under the provisions of this act for the collection of unpaid wages or liquidated damages more than three years after the day on which such wages were due and payable...." 43 P.S. § 260.9a(g). Treating the right to payment of wages as the point at which the right to bring an action accrues is manifestly reasonable. There is no apparent reason why the four (4) year statute of limitations which the Court has applied to Plaintiffs' breach of contract claims should not be applied in the same manner.

Plaintiffs contend that the continuing violation doctrine applies to this case, and therefore Plaintiffs may recover all allegedly unpaid compensation, regardless of when the right to such compensation accrued. *See* Pltf's Reply at 16. The United States Court of Appeals for the Third Circuit has provided the following guidance on the continuing violation doctrine:

> In most federal causes of action, when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred.

*Brenner v. Local 514, United Broth. of Carpenters and Joiners of America*, 927 F.2d 1283, 1295 (3d Cir. 1991) (*citing Keystone Ins. Co. v. Houghton*, 863 F.2d 1125, 1129 (3d Cir.1988)). In *Brenner* the Third Circuit agreed with the union members' contention that "the failure of the local union and its agents to refer [the union members] for work through the hiring hall in a fair manner from 1979 or thereafter until 1986 constituted the type of ongoing practice to which the continuing violation doctrine should be applied." *Brenner*, 927 F.2d at 1296.

Although the compensation of Plaintiffs for acting as Trustees continued over an extended period of time (particularly in the case of Plaintiff Mullin), and the disparity in pay somewhat resembles an "ongoing practice" or "continuing course of conduct," in the Court's view the continuing violation doctrine does not apply to the facts of this case. Instead, a monthly paycheck is more analogous to a "discrete act ... from which the limitations period could run," rather than an ongoing pattern of discrimination or mistreatment. *See id.* Therefore, the Court finds and rules that the continuing violation doctrine does not permit Plaintiffs to "reach back in time," so to speak, and recover unpaid compensation which became due and payable prior to September 10, 1999.

<u>Conclusion</u>

    For the reasons hereinabove state, Plaintiffs may not recover unpaid compensation which allegedly became due and payable for service as a Trustee prior to September 10, 1999, based upon the applicable statute of limitations.  An appropriate Order follows.

                                                McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES MULLIN, GREG SMITH, and KEVIN M. SCHMITT, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   2:03cv1445 |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 249 and INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AFL-CIO, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER OF COURT

AND NOW, this 28th day of March, 2006, in accordance with the foregoing Memorandum Opinion it is hereby **ORDERED, ADJUDGED and DECREED** that Plaintiff's claims for breach of contract for underpaid compensation which allegedly became due and payable for service as a Trustee prior to September 10, 1999, are barred by the operation of Pennsylvania's four-year statute of limitations for breach of contract.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:   John R. Orie, Jr., Esquire
Email: law@oriezivic.com

Ernest B. Orsatti, Esquire
Email: ebo@jpilaw.com