# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MULLIN, GREG SMITH, and KEVIN SCHMITT, )<br><br>Plaintiffs, )<br><br>v. )<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 249, )<br><br>Defendant. ) | 02: 03cv1445 |

## MEMORANDUM OPINION AND ORDER OF COURT

Presently before the Court for disposition is the MOTION FOR NEW TRIAL filed by Defendant, with brief in support (*Document Nos. 67 and 72*), and the ANSWER in opposition filed by Plaintiffs *(Document No. 71)*. For the reasons that follow, the Motion will be denied.

Defendant argues that it is entitled, pursuant to Federal Rule of Civil Procedure 59(a), to a new trial because (i) the verdict was against the weight of the evidence, (ii) the jury ignored the Court's instruction regarding deference to a Union's interpretation of its own By-laws, and (iii) the Court erred when it did not grant summary judgment in its entirety to Defendant. Rule 59(a) of the Federal Rules of Civil Procedure provides as follows:

> A new trial may be granted to all or any of the parties and
> on all or part of the issues . . . in an action in which there
> has been a trial by jury, for any of the reasons for which
> new trials have heretofore been granted in actions at law in
> the courts of the United States . . . .

Fed. R. Civ. P. 59(a).

A motion for a new trial may be sought on the grounds that the verdict is against the weight of the evidence, that the damages are excessive, or that the district court made substantial errors in the admission or rejection of evidence or in its instructions to the jury. *See Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940). Generally, the decision whether or not to grant a new trial "is committed to the sound discretion of the district court." *Bonjorno v. Kaiser Aluminum & Chem. Corp.*, 752 F.2d 802, 812 (3d Cir. 1984).

The key issue in this litigation boiled down to whether Local 249 validly amended its bylaws as proposed in November, 1990, to modify downward the rate of trustees' compensation effective in January of 1991. Defendant presented evidence that the change to the by-laws at issue was approved by the membership of Local 249 on January 20, 1991. There was also evidence that the amendment was approved by the International Union by James Hoffa, General President of the International Union, on May 7, 2001, with the approval retroactive to January 20, 1991. On the other hand, contrary evidence was presented and admitted which reflected that Local 249 did not validly amend its bylaws in connection with this issue at any time other than December 2002 and that the bylaws published and presented to the Local's membership after 1991 did not reflect the alleged change to the trustees' rate of pay.

The determination of whether Local 249 validly amended its bylaws in January of 1991 was a question of fact left solely to the province of the jury. This Court cannot usurp the primary function of the jury as the finder of fact without definitive proof that the verdict was without a reasonable basis in fact. *See Henry v. Hess Oil Virgin Islands Corp.*, 163 F.R.D. 237 (D. VI. 1995) (*citing Lind v. Schenley Indus. Inc.*, 278 F.2d 79, 90 (3d Cir.), *cert. denied*, 364 U.S. 835 (1960)).

Next, the Court finds and rules that the remaining argument of Defendant that it is entitled to judgment as a matter of law because the Court erred in not granting summary judgment in its entirety is also without merit. The Court notes that in support of its position Defendant relies on "the reasons set forth in the original Motion." Memo of Law at 4. Said reasons and arguments were given due consideration by the Court at the time it originally considered the motion for summary judgment. Defendant raises no new arguments or changes in applicable law in this motion, the Court has previously considered these same arguments and the relevant case authority, and the Court is not persuaded that it should change its previous decision.

For these reasons, the motion of Defendant for judgment as a matter of law is denied.

So **ORDERED** this 8th day of January, 2007.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:     John R. Orie, Jr., Esquire
        Email: law@oriezivic.com

        Ernest B. Orsatti, Esquire
        Email: ebo@jpilaw.com